Sara STEWART, Plaintiff—Appellant,

v.

BLUE CROSS/BLUE SHIELD, OF NEVADA; Rocky Mountain Hospital, Defendants—Appellees.

No. 02–16158.

D.C. No. CV–98–1238–LDG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Nov. 14, 2003.

Steven Parsons, Parsons & Pursiano, LLP., Alan D. Cates, Las Vegas, NV, for Plaintiff–Appellant.

Matthew T. Milone, Constance L. Akridge, Deanne M. Rymarowicz, Wadhams & Akridge, Las Vegas, NV, for Defendant–Appellee.

Before O'SCANNLAIN and TASHIMA, Circuit Judges, and MATZ,* District Judge.**

### ORDER

The Memorandum filed on October 17, 2003, is withdrawn and replaced with the Amended Memorandum filed concurrently with this order.

With the filing of the Amended Memorandum, Plaintiff–Appellant's petition for panel rehearing is denied.

The mandate shall issue forthwith.

---

\* Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

\*\* The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

## AMENDED MEMORANDUM***

Plaintiff–Appellant Sara Stewart appeals an order of the district court confirming an arbitration award in favor of Defendant–Appellee Rocky Mountain Hospital and Medical Service d/b/a Blue Cross and Blue Shield of Nevada. The district court rejected Stewart's argument that the Federal Arbitration Act was "reverse preempted" by the McCarran–Ferguson Act and held that Nevada Revised Statute § 695B.181 could not be applied to invalidate the arbitration agreement.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As the party who initially requested arbitration, Stewart has waived the right to challenge the enforceability of the arbitration provision pursuant to § 695B.181.[2] See, e.g., Nghiem v. NEC Elec., Inc., 25 F.3d 1437, 1440 (9th Cir. 1994) (reasoning that the party's "voluntary initiation of arbitration can be interpreted as waiver of any objection he may have had over the authority of the arbitrator"). Moreover, even if Stewart is not deemed to be the party who initiated arbitration, it is undisputed that, in 1999, she filed what she herself characterizes as a "strenuous opposition" to appellees' motion to have her case referred to arbitration. It is also undisputed that, in opposing arbitration, Stewart did not assert that § 695B.181 permitted or required her complaint to be adjudicated in district court, notwithstanding the policy's arbitration provision. Lastly, it is not disputed that Stewart first invoked § 695B.181 *after* participating fully in the arbitration and losing. She first made the argument in opposition to appellees' motion to confirm the arbitration award. These circumstances further support our conclusion that Stewart waived her right to invoke § 695B.181.

We therefore do not reach the McCarran–Ferguson Act preemption issue. We decline to address Stewart's equitable estoppel argument because she did not raise it below.[3] See, e.g., Steam Press Holdings, Inc. v. Haw. Teamsters & Allied Workers Union, Local 996, 302 F.3d 998, 1005 (9th Cir.2002) (stating the general rule that this court "will not consider arguments on appeal that were not properly raised at the lower court level"), cert. denied, 537 U.S. 1232, 123 S.Ct. 1354, 155 L.Ed.2d 196 (2003); A–1 Ambulance Serv., Inc. v. County of Monterey, 90 F.3d 333, 338 (9th Cir.1996) (stating that an argument "must have been raised sufficiently for the trial court to rule on it" in order to be considered on appeal).

The order of the district court confirming the arbitration award is

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Nev.Rev.Stat. § 695B.181 permits health care contracts to provide for binding arbitration, but requires that such arbitration provisions meet certain conditions specified in the statute.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

3. After examining the record, we reject Stewart's contention that she raised the issue below. Moreover, her equitable estoppel claim would fail because she was not ignorant of the binding arbitration provision, and there is no evidence that she relied to her detriment on conduct by Rocky Mountain. *See NGA # 2 Ltd. Liab. Co. v. Rains*, 113 Nev. 1151, 946 P.2d 163, 169 (1997) (stating the elements of equitable estoppel).